United States District Court
Southern District of Texas
**ENTERED**
July 13, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Robert Kitto,　§ | |
| 　　Petitioner,　§ | |
| 　　　　　　　　§ | |
| v.　　　　　　　§ | Civil Action H-22-1382 |
| 　　　　　　　　§ | |
| Michael Porter,　§ | |
| 　　Respondent.　§ | |

# Report and Recommendation

Robert Kitto filed a petition in the 165th Judicial District Court of Harris County, Texas, under Texas Rule of Civil Procedure 202 (the Rule 202 Petition) seeking to conduct a pre-suit deposition of Michael Porter. ECF No. 1-2. Porter removed the matter to this court based on diversity jurisdiction. ECF No. 1. Kitto moves to remand the case to state court on the ground that his Rule 202 Petition is not a "civil action" over which this court may exercise subject matter jurisdiction. ECF No. 8. The court recommends that the motion be granted.

*1.  Facts and Procedural Posture*

In his Rule 202 Petition, Kitto "seeks to take the deposition of Michael A. Porter to investigate a potential claim by Petitioner, in advance of filing suit." ECF No. 1-2 at 4. Kitto is a licensed public insurance adjuster and Porter is an insurance adjuster employed by Sedgwick. *Id.* The potential dispute arises out of the 2021 Texas Freeze. *Id.* Kitto alleges that an email was sent from Porter's Sedgwick account to Kitto's client. *Id.* The email allegedly contained multiple false statements that, if true, would cast doubt on Kitto's ability to perform his duties on behalf of his client. *Id.* Kitto thus seeks to investigate a claim of intentional interference with an existing contract. *Id.*

In the Notice of Removal, Porter states that there is complete diversity of citizenship between him and Kitto; that the amount in controversy is greater than $75,000; and that the subject matter of the

anticipated lawsuit is intentional interference with an existing contract. ECF No. 1 at 2–3. In his motion to remand, Kitto makes two arguments. First, because the petition seeks only a deposition, there is no amount in controversy. Second, the Rule 202 Petition is not a "civil action" as that term is used in 28 U.S.C. § 1441.

*2. Analysis*

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal can be based on diversity jurisdiction if the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. §§ 1332(a), 1441; *Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 244 (5th Cir. 2020). The burden is on the removing party to show that federal jurisdiction exists. *Wolf v. Deutsche Bank Nat'l Tr. Co.*, 745 F. App'x 205, 207 (5th Cir. 2018). Moreover, removal "deprive[s] the state court of an action properly before it" and thus "raises significant federalism concerns.[]" *Mayfield-George v. Tex. Rehab. Comm'n*, 197 F.R.D. 280, 282 (N.D. Tex. 2000). Courts are therefore mandated to strictly construe the removal statute. *Id.* As a result, "[a]ny doubts as to the existence of federal subject matter jurisdiction are resolved by remanding the action to state court." *Id.*

The court turns to whether the Rule 202 Petition is a "civil action" over which this court may exercise subject matter jurisdiction. There is disagreement on the answer to this question among the federal district courts in Texas. Most courts agree that such a petition is not a "civil action" and thus may not be removed. *See In re Highland Capital Mgmt., L.P.*, No. 19-34054-sgj11, 2022 WL 38310, at *6–9 (Bankr. N.D. Tex. Jan. 4, 2022) (collecting and thoroughly analyzing the caselaw; concluding that a Rule 202 petition is not a "civil action" for which removal is proper). Courts have reasoned that a Rule 202 petition neither sets forth a cause of action nor requests any relief. *McCrary v. Kan. City S. R.R.*, 121 F. Supp. 2d 566, 569 (E.D. Tex. 2000) (noting that Texas courts regard such actions as "ancillary proceedings" in anticipation of suit, not separate suits); *Davidson v. S. Farm Bureau Cas. Ins. Co.*, No. H-05-03607, 2006 WL 1716075 at

\*2 (S.D. Tex. June 19, 2006) (explaining that "it would be difficult for a federal court to determine, with any certainty, that is has federal question or diversity jurisdiction over a Rule 202 petition, since the petition articulates no specific claims against any particular civil defendants"). Judge Kendall, in *Mayfield-George*, characterized a Rule 202 petition as "merely a petition for an order authorizing the taking of a deposition for use in an anticipated suit, maybe with federal question jurisdiction, maybe not." 197 F.R.D. at 283.

Two courts in Texas have concluded, under somewhat unique circumstances, that a Rule 202 petition is a properly removed civil action. *See In re Texas*, 110 F. Supp. 2d 514 (E.D. Texas 2000);[1] *Cong v. ConocoPhillips Co.*, No. H-12-1976, 2016 WL 6603244 at \*1 (S.D. Tex. Nov. 8, 2016). The unique circumstances common to both cases are that the Rule 202 petitions were not mere pre-suit discovery requests—they were part and parcel of ongoing federal litigation. *In re Texas* involved a petition to take depositions relating directly to the settlement of a massive tobacco litigation with an extremely long and complex history in federal court. *In re Texas*, 110 F. Supp. 2d at 515–18. Similarly, the Rule 202 petition in *Cong* was filed by one party to an ongoing federal lawsuit seeking to depose executives of the other party. *Cong*, 2016 WL 6603244 at \*1. The court in *Cong* explained that the petition was "not ancillary to a potential action—one that may never be brought; this is their third lawsuit on the same factual and legal predicate." *Id*. The court further explained that the Cong plaintiffs were "not confused about the claims, parties, or damages . . . . Their petition is hostile and adversarial. It is the opening salvo of the fishermen's third action—the start of a new American lawsuit. It may be removed to federal court." *Id*.

While *In re Texas* and *Cong* both clearly conclude that a Rule 202 petition is a removable civil action, the undersigned believes their holdings should be considered in light of their facts. There is some

---

[1] In *Page v. Liberty Life Assurance Co.*, No. 4:06-CV-572-A, 2006 WL 2828820, at \*3–5 (N.D. Tex. Oct. 3, 2006), Judge McBryde agreed with the holding of *In re Texas* but nevertheless concluded that remand was required because subject matter jurisdiction was lacking.

logic in viewing a petition seeking discovery connected directly to a federal case as removeable to federal court. In such a case, there *is* a "civil action"—the federal case. As Judge Hughes explained in *Cong*, there were no questions about the parties, the nature of the dispute, or the amount in controversy. On the other hand, when there is no pending litigation and the contours of any anticipated litigation (such as the causes of action to be asserted, the parties to be joined, and the relief to be sought) are yet to be defined, there truly is no "civil action to be removed." That is, drawing a hard line as to whether a Rule 202 petition is in every case a removable civil action might not make sense. *Cf. Mayfield-George*, 197 F.R.D. at 283 n.1. (distinguishing *In re Texas* as a massive litigation involving a preexisting federal court order that was being undermined by the Rule 202 petition; noting that the case at bar had consumed virtually no federal resources).

Whether the various results in previous federal cases can be reconciled or not, the court concludes that the Rule 202 Petition Kitto filed in state court is not a "civil action" over which this court can exercise subject matter jurisdiction. There is no pre-existing litigation between the petitioner and the respondent. The only relief sought is a deposition. The case may or may not ultimately be filed. The court does not know the identity of all the parties that may be joined. At a minimum, the court's subject matter jurisdiction is not clear, and that doubt should be resolved in favor of remand.

Because the court lacks subject matter jurisdiction, the court need not address the party's arguments about the amount in controversy or timeliness of the motion to remand.

*3. Conclusion*

Because the court lacks subject matter jurisdiction, the court recommends that Kitto's motion to remand be granted and that this matter be remanded to state court.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions,

4

except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on July  13 , 2022.

                                                         _____
                                                              Peter Bray
                                            United States Magistrate Judge